JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-01330 JVS (JPRx) | Date | September 19, 2012 |
| Title | Mania Bakhtavar v. Wells Fargo Bank, N.A. et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) **Order Remanding Action to the Superior Court of the State of California for the County of Orange**

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee for the Holders of Bart 2005-5 ("U.S. Bank")[1] (collectively, "Defendants") move to dismiss the Complaint of Plaintiff Mania Bakhtavar pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 4.) Plaintiff opposes the motion. (Docket No. 5.)[2]

Defendants removed the case to this Court on August 17, 2012 based on complete diversity of the parties. (Notice of Removal, Docket No. 1.) Wells Fargo contends that, as a national bank, it is a citizen of the state containing its designated main office, South Dakota. (Id. at 3-4.)[3] Plaintiff is a citizen of California. (Id. at 3; Compl. ¶ 1.) In other cases, Wells Fargo has conceded that its principal place of business is in California. E.g., Uriarte v. Wells Fargo Bank, N.A., No. 11-cv-2082-IEG (WVG), 2011 WL 5295285, at *1 n.2 (S.D. Cal. Nov. 3, 2011) ("Wells Fargo does not contest that its principal place of business is in San Francisco, California."); Mount v. Wells Fargo Bank, N.A., No. CV

---

[1] U.S. Bank was erroneously sued as "Wells Fargo, National Association, as Trustee, for the Holders of Bart 2005-5, an unknown mortgage pool trust."

[2] Plaintiff filed her opposition brief after the deadline set by Local Rule 7-9. Local Rule 7-12 provides that "failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

[3] Likewise, U.S. Bank contends that it is a citizen of the state containing its designated main office, Ohio. (Notice of Removal at 4.)

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-01330 JVS (JPRx) | Date | September 19, 2012 |
| Title | Mania Bakhtavar v. Wells Fargo Bank, N.A. et al. | | |

08-6298 GAF (MANx), 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2008) (noting that Wells Fargo "has regularly described its principal place of business as San Francisco, California"). If Wells Fargo is a citizen of both states, then this Court has no subject matter jurisdiction because there is not complete diversity between the parties.

      Although Plaintiff does not move to remand, if the Court finds itself without subject matter jurisdiction at any time, it must *sua sponte* remand the case. Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). For the reasons articulated in Greenlee v. Wells Fargo, EDCV-12-789 JVS (DTBx) (Docket No. 14), attached hereto, the Court finds that Wells Fargo is a citizen of California. Since Plaintiff is also a citizen of California, there is not complete diversity of citizenship and the Court lacks jurisdiction. Accordingly, the Court orders the case REMANDED to the Orange County Superior Court.[4]

      The Court vacates the hearing set for September 21, 2012 for Defendants' Motion to Dismiss.

      IT IS SO ORDERED.

| | | |
|---|---|---|
| | Initials of Preparer | kjt |

---

[4] Because this Court does not have diversity jurisdiction, it briefly considers whether it can maintain jurisdiction by federal question. The Court must determine jurisdiction on the basis of the case removed. The underlying actions are all based on state law: (1) violation of California Civil Code section 2923.5; (2) negligent misrepresentation; (3) breach of the implied covenant of good faith and fair dealing; (4) promissory estoppel; and (5) declaratory relief. (Compl. ¶¶ 32-61.) Because no federal claims are asserted, there is no basis for federal question jurisdiction. 28 U.S.C. § 1331.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. EDCV-12-789 JVS (DTBx)     Date June 25, 2012

Title    <u>Gary Leland Greenlee v. Wells Fargo</u>

Present: The Honorable     James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gary Greenlee, ipp | Loren Coe |

**Proceedings:**    Defendant's Motion to Dismiss (Fld 5-22-12)

                    Plaintiff's Motion to Remand (Fld 6-8-12)

      **Cause called and the parties make their appearances. The Court's tentative ruling is issued. The parties submit on the Court's tentative ruling. The Court GRANTS the plaintiff's motion to remand, declines to rule on the defendant's motion to dismiss and rules in accordance with the tentative ruling as follows:**

      Plaintiff Gary Leland Greenlee ("Greenlee") moves to remand the present case to the California Superior Court for the County of Riverside. (Pl.'s Mot. to Remand or in the Alt. Mot. for Change of Venue) ("Mot. to Remand") .[1] Defendant Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo) ("Wells Fargo") opposes the motion. (Def.'s Brief in Opp'n to Mot. to Remand, Docket No. 9.) ("Def.'s Opp'n").

      For the following reasons, the motion is GRANTED.

I.    <u>Background</u>

      Wells Fargo removed the matter to this Court on May 16, 2012 based on complete diversity of the parties. (Notice of Removal, Docket No. 1.) Wells Fargo and Greenlee disagree on the citizenship of Wells Fargo. (Mot. to Remand; Def's Opp'n.) The disagreement centers on the issue of whether Wells Fargo, a national bank, is a citizen

---

[1] The Court notes that due to a filing error, the Court did not receive the Motion to Remand until June 21, 2012. The Court ordered the Motion to Remand to be filed on the day that the document was stamped "received but not filed" with the Clerk, June 8, 2012.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.  EDCV-12-789 JVS (DTBx)     Date  June 25, 2012

Title     Gary Leland Greenlee v. Wells Fargo

only of the State containing its designated main office, or whether it is *also* a citizen in the State of its principal place of business. (Id.) Greenlee, who lives in Riverside, is a citizen of California. (Mot. to Remand.) Wells Fargo's designated main office is in South Dakota. (Not. of Removal, Docket No. 1.) In other cases, Wells Fargo has conceded that its principal place of business is in California. E.g., Uriarte v. Wells Fargo Bank, N.A., 2011 WL 5295285, *1 n.2 (S.D. Cal.) ("Wells Fargo does not contest that its principal place of business is in San Francisco, California"); Mount v. Wells Fargo Bank, N.A., 2008 WL 5046286, *1 (C.D. Cal.) (Wells Fargo "has regularly described its principal place of business as San Francisco, California"). If Wells Fargo is a citizen of both States, then this Court has no subject matter jurisdiction because there is no diversity between the parties.

II.     National Banks and Diversity Jurisdiction

The controlling statute is 28 U.S.C. § 1348, which states "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Id. § 1348. There are two binding, potentially conflicting cases that rule on where a national bank has citizenship for purposes of diversity jurisdiction.

    A.     American Surety Co. v. Bank of California

In 1943, the Ninth Circuit addressed the question of citizenship for national banks. American Surety Co. v. Bank of California, 133 F.2d 160, 161 (9th Cir. 1943). The Ninth Circuit interpreted the word "located" in the predecessor statute to 28 U.S.C. § 1348, which is nearly identical to the current statute.[2] American Surety, 133 F.2d at 161 (interpreting 28 U.S.C. § 1348; 28 U.S.C. § 41(16)).[3]

The Bank of California was sued in the District court of Oregon. Id. at 161. The

---

[2] The old statute read, "[a]nd all national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located." American Surety, 133 F.2d at 161. The current statute removed the phrases "established under the laws of the United States" and "real, personal, or mixed, and all suits in equity." 28 U.S.C. § 1348.

[3] The second citation is the old citation for the statute and is no longer accurate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.    EDCV-12-789 JVS (DTBx)                           Date    June 25, 2012

Title    Gary Leland Greenlee v. Wells Fargo

bank had a principal place of business in California and a branch bank in Oregon. Id. The District court ruled in favor of the defendant, and on the plaintiff's appeal, the Ninth Circuit addressed the citizenship question. Id. at 162. Like the Supreme Court in Schmidt[4] would later do, the Ninth Circuit analogized to corporations, which have citizenship based on their principal places of business. Id. Corporations, despite their endeavors in other states, are not citizens of those States merely because they do business there. Id. The Ninth Circuit held that the District court was correct in holding that the defendant bank was a citizen "only of the state in which its principal place of business is located." Id. The court noted that a logical interpretation of the statute leads to the conclusion that the "located" language means "states in which their principal places of business are maintained." Id. The Ninth Circuit ruled that national banks are not otherwise citizens in States where they have branch offices. See American Surety, 133 F.2d at 162. Here, application of the rule in American Surety would bar removal because Wells Fargo's principal place of business is California.

    B.    Wachovia Bank v. Schmidt

In 2006, the Supreme Court addressed the issue of where national banks have citizenship for purposes of diversity jurisdiction. Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). "National banking associations" are "citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The question before the Supreme Court in Schmidt was the meaning of the word "located." Schmidt, 546 U.S. at 306.

Wachovia Bank ("Wachovia"), a national bank, was sued in state court for fraud. Id. at 303. Wachovia's designated, main office was in North Carolina, but it also had branch offices in many States, including South Carolina. Id. Plaintiff was a South Carolina citizen. Id. Wachovia tried to remove to federal court based on complete diversity of the parties, but was denied by both the District court and the Fourth Circuit. Id. The Fourth Circuit read § 1348 and the word "located" to mean that Wachovia was a citizen of "every State in which it maintains a branch office"; therefore, no diversity existed between the parties. Id. at 308. Circuit Judge King dissented, stating that Wachovia was only a citizen in the state where its main office was located. Id. at 309.

The Supreme Court resolved the split and held that a national bank is a citizen of

---

[4] See Section II. B infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   EDCV-12-789 JVS (DTBx)                Date   June 25, 2012

Title      Gary Leland Greenlee v. Wells Fargo

the "State designated in its articles of association as its main office." Id. at 318. It also ruled that "located" does not mean a national bank is a citizen of each State in which it has a branch operation because its access to diversity jurisdiction would be constricted. Id. at 313, 317. Additionally, in a footnote, the Court "alluded to the possibility that, to reconcile 28 U.S.C. § 1348, governing national banks, and 28 U.S.C. § 1332(c)(1), governing corporations in general, a national bank might have to be considered a citizen of the state in which its main office is located and the state of its principal place of business." Uriarte, 2011 WL 5295285 at *2 (quoting Schmidt, 546 U.S. at 317 n.9) (internal quotes omitted). In another footnote, however, the Supreme Court declined to expressly opine on whether a bank is also a citizen in the state which contains its principal place of business. Id. at 315 n.8. The Court therefore left open the possibility that, in order to maintain jurisdictional parity, a national bank might also be a citizen of the state in which it has its principal place of business. See id. at 315 n.8, 317 n.9.

III.   Schmidt and American Surety are Reconcilable

District courts in the Ninth Circuit are split on whether American Surety and Schmidt are reconcilable. Compare e.g., Flores v. Wells Fargo Bank, N.A., 2012 WL 832546, *2 (N.D. Cal) (finding that Schmidt abrogated American Surety); Loar v. Wells Fargo & Co., 2012 WL 2135351, *2 (N.D. Cal) (finding Flores's reasoning that Schmidt abrogated American Surety persuasive); with e.g., Taheny v. Wells Fargo Bank, N.A., 2012 WL 1120140, *6 (E.D. Cal); Uriarte, 2011 WL 5295285 at *5; Rouse v. Wachovia Mortg., 2012 WL 174206, *12 (C.D. Cal.); Rodriguez v. Wells Fargo Bank, Nat. Ass'n, 2012 WL 1940572, *3 (S.D. Cal) (finding that American Surety and Schmidt are reconcilable). District courts are bound by Ninth Circuit precedent except for situations when a "clearly irreconcilable" Supreme Court authority exists. Day v. Apoliona, 496 F.3d 1027, 1031 (9th Cir. 2009) (quoting Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003)). Since this Court is bound by Ninth Circuit authority, it is necessary to determine if American Surety and Schmidt are reconcilable.

The Court notes that neither Wells Fargo nor Greenlee cite American Surety. In support of their claims that the principal place of business test should be used or not used, each party cites several cases that support their position. (Mot. for Remand; Horton v. Bank One, N.A., 387 F.3d 426, 436 (5th Cir. 2004); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001) (interpreting "located" to mean the principal place of business as well as the state specified in the articles of association); Def.'s Opp'n; e.g., Silva v. Wells

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV-12-789 JVS (DTBx) | Date | June 25, 2012 |
| Title | Gary Leland Greenlee v. Wells Fargo | | |

Fargo Bank, N.A., 2011 WL 2437514, *2 (C.D. Cal); Tse v. Wells Fargo Bank, N.A., 2011 WL 175520, *2 (N.D. Cal) (concluding that a national bank is only a citizen of the state in which its main office is located)). The Court notes that both the Fifth and Seventh Circuit cases use American Surety to conclude that the principal place of business test should be used, but the cases cited by Wells Fargo do not consider American Surety.

In support of the position that Schmidt and American Surety are not reconcilable, emphasis is placed on the word "only" used in the American Surety decision: "[t]he trial court was right in holding that defendant is a citizen *only* of the state in which its principal place of business is located." Flores, 2012 WL 832546 at *3 (N.D. Cal.) (emphasis in original) (quoting American Surety, 133 F.2d at 162). In sum, it is argued that American Surety established an *exclusive* test for citizenship based on the principal place of business. Flores, 2012 WL 832546 at *3. In contrast, the Supreme Court in Schmidt held that a national bank is a citizen of the state in which its main office is located. Id. (quoting Schmidt, 546 U.S. at 307). This conflict, according to some courts, means that American Surety is no longer good law. Flores, 2012 WL 832546 at *3. However, this Court finds the argument unpersuasive. The use of the word "only" in American Surety was likely used to distinguish that the bank was not a citizen of the states where it had branch offices, and that it was "only" a citizen of the state where it had a principal place of business. Taheny v. Wells Fargo Bank, N.A., 2012 WL 1120140 at *6. The use of the word "only" does not necessarily make American Surety an exclusive test. Moreover, Schmidt would overrule American Surety only to the extent that American Surety purports to state an exclusive test.

The majority of courts that consider whether Schmidt and American Surety are reconcilable hold that there is no conflict between the two cases. E.g., Uriarte, 2011 WL 5295285 at *5; Rouse v. Wachovia Mortg., 2012 WL 174206, *12 (C.D. Cal.); Rodriguez v. Wells Fargo Bank, Nat. Ass'n, 2012 WL 1940572, *3 (S.D. Cal). The Court finds their arguments persuasive and agrees that Schmidt and American Surety are reconcilable.

First, the Supreme Court did not explicitly hold that a national bank *cannot* be a citizen of the State that contains its principal place of business. See Schmidt, 546 U.S. at 315 n.8. In this light, American Surety's principal place of business test supplements the Supreme Court holding and provides another source of citizenship. See Rouse, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  EDCV-12-789 JVS (DTBx)    Date  June 25, 2012

Title  Gary Leland Greenlee v. Wells Fargo

174206 at *12.  As discussed above, the Supreme Court left open the possibility that a national bank could also be a citizen of the state in which it has its principal place of business.  See Schmidt, 546 U.S. at 315 n.8, 317 n.9.

     Furthermore, in footnote 9, the Court in Schmidt speculated that in order to treat national banks the same way as corporations for diversity purposes, a national bank might *have* to be considered a citizen of the states that contain the principal place of business and the main office.  Id. at 317 n.9.  In decisions pre-dating Schmidt, both the Fifth and Seventh Circuits concluded that jurisdictional parity favors "treating national banks just as one would treat state banks and other corporations."  Uriarte, 2011 WL 5295285 at *4 (referencing Horton, 387 F.3d at 431; Firstar Bank, 253 F.3d at 993–94).  Both Horton and Firstar Bank hold that national banks are citizens of both the state that contains their principal place of business and of the state that contains their main office.  Horton, 387 F.3d at 436; Firstar Bank, 253 at 994.

     Because the Court in Schmidt does not explicitly preclude the possibility of determining citizenship based on the principal place of business test, and because the Court contemplated that the principal place of business test might even be *necessary* to reconcile the treatment of national banks and corporations, it does not appear to this Court that following the Ninth Circuit precedent conflicts with the Supreme Court's holding.

     The Court concludes that there is no conflict between Schmidt and American Surety.  Therefore, American Surety is binding authority.  Pursuant to Schmidt and American Surety, a national bank is a citizen both in the State of its principal place of business and its main office as designated by its articles of association.  Since Wells Fargo has conceded previously that its principal place of business is in California, this Court finds that Wells Fargo is a California citizen.  The Court therefore lacks diversity jurisdiction over the parties.

IV.    Federal Question

     Because this Court does not have jurisdiction by diversity, it briefly considers whether it can maintain jurisdiction by federal question.  The Court must determine jurisdiction on the basis of the case removed.  The underlying actions are (1) violation of the California Business Code section 17200; (2) violation of the common law duty of

|  | UNITED STATES DISTRICT COURT | JS - 6 |
|---|---|---|
|  | CENTRAL DISTRICT OF CALIFORNIA |  |

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV-12-789 JVS (DTBx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | Gary Leland Greenlee v. Wells Fargo | | |

disclosure; (3) intentional fraud; and (4) extortion (California Penal Code sections 518-27), all state law causes of action. (Compl., Docket No. 1.) No federal claims are asserted. 28 U.S.C. § 1331. Thus, there is no basis for federal question jurisdiction.

V.     Conclusion

     This Court finds that there is binding Ninth Circuit authority that resolves the question of Wells Fargo's citizenship. Because Wells Fargo is a California citizen, this Court lacks diversity jurisdiction to hear the case.

     For the foregoing reasons, the Motion to Remand is GRANTED. Because the Court finds no subject matter jurisdiction, the Court declines to address Wells Fargo's Motion to Dismiss.

     IT IS SO ORDERED.

|  | 0 | : | 02 |
|---|---|---|---|
| Initials of Preparer | kjt | | |